UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE, | Case No. 2:25-cv-2809-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, brings an ineffective assistance of counsel claim against attorney Emily Chrim and further alleges that San Joaquin County is responsible for providing him with an ineffective attorney. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, makes the required showing and will be granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that his court-appointed criminal defense attorney, defendant Emily Chrim, provided him ineffective counsel. He also claims that San Joaquin County is responsible for appointing him an ineffective attorney. ECF No. 1 at 4-5.

A threshold requirement for proceeding with any 42 U.S.C. § 1983 claim is that the defendant must have acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff asserts claims against Chrim, a court-appointed defense attorney. But it is settled law that a court-

1 appointed criminal defense attorney does not act under color of state law. *See Miranda v. Clark*
2 *Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981)).

3 But more importantly, plaintiff's ineffective assistance of counsel claim is not properly
4 brought as claim under 42 U.S.C. § 1983. Claims for ineffective assistance of counsel are not
5 generally recognized under § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). When a
6 state prisoner challenges the legality of his custody—either the fact of confinement or the
7 duration of confinement—and the relief he seeks is a determination that he is entitled to an earlier
8 or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus
9 under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Neal v. Shimoda*,
10 131 F.3d 818, 824 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir.
11 1995) (per curiam). Because plaintiff's claims are not cognizable under § 1983, this action
12 should be dismissed so plaintiff can seek whatever relief may be available to him through a
13 petition for a writ of habeas corpus.

14 Plaintiff's claim against San Joaquin County fails, too. A municipality can be sued under
15 § 1983 where the challenged action was implemented or executed under a policy statement,
16 ordinance, regulation, or decision that has been adopted or promulgated by that body's officers.
17 *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The first question in this analysis is
18 whether a constitutional violation occurred. *See Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th
19 Cir. 2020) (noting that *Monell* claims are "contingent on a violation of constitutional rights")
20 (internal quotation marks omitted). Then, a court looks to the legal framework on which plaintiff
21 bases his *Monell* claim. *Monell*, 436 U.S. at 708. Importantly, "[p]laintiff must do more than
22 allege in a conclusory fashion that the County maintains an unwritten policy or custom of
23 permitting the types of wrongs Plaintiff experienced." *Segura v. City of La Mesa*, 647 F. Supp.
24 3d 926, 936 (S.D. Cal. 2022). Here, plaintiff fails to state a sufficient *Monell* claim against the
25 County because plaintiff has not alleged a constitutional violation.

26 Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
27 plaintiff a final chance to amend his complaint before recommending that this action be
28 dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If

1 plaintiff decides to file an amended complaint, the amended complaint will supersede the current
2 one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means
3 that the amended complaint will need to be complete on its face without reference to the prior
4 pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no
5 longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will
6 need to assert each claim and allege each defendant's involvement in sufficient detail. The
7 amended complaint should be titled "First Amended Complaint" and refer to the appropriate case
8 number. If plaintiff does not file an amended complaint, I will recommend that this action be
9 dismissed.

10       Accordingly, it is hereby ORDERED that:

11     1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

12     2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

13     3. Within thirty days from service of this order, plaintiff shall file either (1) an amended
14 complaint or (2) notice of voluntary dismissal of this action without prejudice.

15     4. Failure to timely file either an amended complaint or notice of voluntary dismissal may
16 result in the imposition of sanctions, including a recommendation that this action be dismissed
17 with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

18     5. The Clerk of Court shall send plaintiff a complaint form with this order.

19 IT IS SO ORDERED.

21 Dated:   December 1, 2025                       _____
22                                                  JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE